IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANGELA CHRONISTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-150 (MTT) |
| BUTTS COUNTY, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## ORDER

The Plaintiff has moved for service by publication upon Defendant Dennis Mitchel Finley. (Doc. 42). For the following reasons, the motion is **GRANTED**.

### I.   BACKGROUND

On April 30, 2015, the Plaintiff filed suit against Defendants Butts County, Butts County Sheriff's Office, Sheriff Gary long, Trevor Jones, Sergeant William Cooley, Sergeant Chris Manos, Officer Marlin Price Moultrie, Investigator Patricia Kennedy, Sergeant Linton Reeves, Officer Mohamed Zock, a Jane Doe, Ruth Finley, Keith Finley, and Dennis Mitchel Finley. (Doc. 1). The Plaintiff alleges Defendant Dennis Finley knowingly reported a false complaint to the Butts County Sheriff's Office that the Plaintiff was abusing Ramona Virginia Finley.

On August 26, 2015, the Plaintiff, with the consent of the Defendants, requested a 60 day extension to serve the Defendants, which the Court granted. (Docs. 16;17). Then, on October 27, 2015, the Plaintiff moved again for extension of time serve. (Doc. 32). The Plaintiff explained that she "ha[d] attempted to serve Defendant Dennis Michel

Finley but [was] unable to locate the Defendant." (*Id.* ¶ 7). The Court granted the Plaintiff's motion, giving her until November 27, 2015 to complete service. (Doc. 33).

On January 4, 2016, the Plaintiff filed the present motion requesting permission to serve Finley by publication and attached an affidavit by the Plaintiff's counsel attesting to the failed attempts of service upon Finley. (Doc. 42). Although the Plaintiff's process server, Randal George, attempted to locate and serve Finley on multiple occasions, he was unsuccessful. The Plaintiff requests that the Court approve and direct service upon Finley by publication pursuant to Fed. R. Civ. P. 4(e)(1) and O.C.G.A. § 9-11-4(f)(1)(A).

## II.   DISCUSSION

"Unless federal law provides otherwise, an individual … may be served by … following state law for serving a summons … in the state where the district court is located … ." Fed. R. Civ. P. 4(e)(1). Because the Court is located in Georgia, the Plaintiff may serve Finley by following Georgia law. Georgia law permits service by publication when it appears by affidavit that "the person on whom service is to be made resides outside the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself or herself to avoid the service of the summons." O.C.G.A. § 9-11-4(f)(1)(A). Moreover, it must appear "either by affidavit or by a verified complaint on file, that a claim exists against the defendant in respect to whom the service is to be made, and that he or she is a necessary or proper party to the action." O.C.G.A. § 9-11-4(f)(1)(A). "Due diligence 'is a question of fact which addresses itself in the first instance to the discretion of the trial court.'" *Wentworth v.*

*Fireman's Fund Am. Ins. Cos.*, 147 Ga. App. 854, 855, 250 S.E.2d 543, 545 (1978) (citation omitted).

The Plaintiff has filed an affidavit by her counsel attesting to her efforts to serve Finley.  The Plaintiff's counsel states in his affidavit that service by publication is appropriate because either Finley is out of state or actively avoiding service.  (Doc. 42-1, ¶ 2).  According to Plaintiff's counsel, on October 26, 2015 and again on October 28, the Plaintiff, using process server Randal George, "attempt[ed] service on Mr. Finley at his last known address as specified in the complaint, 1650 H D Atha Road, Monroe, Georgia."  (*Id.* ¶ 3a).  Finley's car was parked in the driveway, but he did not answer the door.  (*Id.*)   The Plaintiff's counsel conducted a search for Finley's known addresses and received a comprehensive report, but he "located no other possible address for or frequented by Mr. Finley."  (*Id.* ¶¶ 3b-3d).  George made three attempts to serve Finley in November, waited 30 minutes during each attempt, but was unable to serve Finley.  (*Id.* ¶ 3d).  "During the last attempt, … George observed Finley's Chevrolet Avalanche parked behind the house."  (*Id.*).  George attempted service again on December 15, 2015 at the H D Atha Road address.  (*Id.* ¶ 3e).  "The process server was able to observe an older gentleman in the house leave the front room into the back of the house and refuse to answer the door."  (*Id.*).  Based on the affidavit, it appears that Finley is concealing himself to avoid the service of the summons.  Finally, it appears from the complaint that a claim exists against Finley and that he is a necessary or proper party.  Therefore, service by publication is appropriate in this case.

As discussed, the Court granted the Plaintiff an extension of time to serve until November 27, 2015 in part because the Plaintiff could not locate Finley.  A district court

"has the discretion to extend the time for service of process" and must "consider whether any other circumstances warrant an extension of time based on the facts of the case." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281-82 (11th Cir. 2007). Because the Plaintiff has demonstrated her diligence in attempting service of process on Finley and because it appears Finley is evading service, the Plaintiff has shown that outside factors have prevented timely service upon Finley. Accordingly, good cause exists for the Plaintiff's failure to effect service of process upon Finley and warrants an extension of time to do so.

### III.    CONCLUSION

The Plaintiff's motion for service by publication is **GRANTED**. (Doc. 42). The Plaintiff is **DIRECTED** to deposit the cost of publication, provide the Clerk the desired notice to be published, and the name of the counties where the notice is to be published. The Clerk is **DIRECTED** to effect service by publication in accordance with O.C.G.A. § 9-11-4(f)(1)(C) and mail a copy of the Plaintiff's complaint, a copy of the publication notice, and a copy of this Order within fifteen (15) days of the entry of this Order to Defendant Dennis Mitchel Finley at his last known address: 1650 H D Atha Road, Monroe, Georgia 30655. The Clerk is **DIRECTED** to cause the publication to be made in the counties requested by the Plaintiff.

**SO ORDERED**, this 20th day of January, 2016.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT