IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANGELA CHRONISTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 5:15-CV-150 (MTT) |
| | ) |
| BUTTS COUNTY, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

Defendants Butts County, Butts County Sheriff's Office, Sheriff Gary Long, Deputy Trevor Jones, Sergeant Linton Reeves, Sergeant William Cooley, Sergeant Chris Manos, Officer Mohamed Zock, Officer Marlin Moultrie, and Investigator Patricia Kennedy have moved to dismiss Plaintiff Angela Chronister's claims against them. (Doc. 39). The motion is **GRANTED in part** and **DENIED in part**.

### I.   BACKGROUND[1]

Angela Chronister alleges that on January 8, 2013, Defendant Dennis Mitchel Finley, Chronister's brother, falsely reported to the Butts County Sheriff's Office that he suspected Chronister was abusing their mother, Virginia Finley. (Doc. 1 ¶ 20). On January 10, 2013, Ramona Finley, Defendants Ruth Finley, Investigator Kennedy, Officer Zock, and Sergeant Manos entered the home of Chronister and Virginia Finley "without the permission or consent of either resident." (*Id.* ¶ 22). Chronister alleges that the "Defendants found no evidence of abuse to Virginia Finley, and Virginia … asked

---

[1] The allegations are taken from Chronister's complaint (Doc. 1) and accepted as true for purposes of this motion.

them to leave." (*Id.*).  As the officers were leaving, Chronister arrived at her house.  (*Id.* ¶ 23).  Zock allegedly told her that "her son" had let them in to conduct an investigation.  (*Id.*).  However, Chronister alleges that she was never "shown a warrant for an Officer to enter … or search her home" and that "[n]o owner or resident gave Defendants permission to enter the home."  (*Id.* ¶ 24).  She also "observed that the front door lock and dead bolt were both damaged."  (*Id.* ¶ 23 ).  Chronister then called the police department and was told a complaint regarding "abuse" had been made.  (*Id.*).

On January 11, 2013, Ramona Finley and Defendants Manos, Jones, and Jane Doe, who was another officer from the Sheriff's Office, entered Chronister's home.  (*Id.* ¶ 25).  Chronister alleges that her son-in-law asked the Defendants to produce a warrant, but instead, they "told him to step aside[] and entered the house."  (*Id.*).  The Defendants brought an ambulance and tried to persuade Virginia Finley to go to the hospital.  (*Id.* ¶ 26).  She refused and informed them she had seen a physician.  (*Id.*).

That same day, Kennedy allegedly testified falsely in an affidavit for an arrest warrant that Chronister "deprived her 87 year old, demented, wheelchair bound mother, Virginia Finley, of proper supervision, a working communications device for emergencies, necessary wheelchair accessible entry/exits, adequate mobility, and sanitary housing conditions, which threatened victim's physical safety and health."  (*Id.* ¶ 31).  According to Chronister, Kennedy had spoken with Virginia Finley's doctor, was aware she was mentally able, and knew she did not require 24-hour supervision.  (*Id.* ¶ 32).  Chronister also alleges that Long, Jones, Reeves, Cooley, Manos, Zock, and Moultrie "wrongful[ly] procur[ed]" an arrest warrant against Chronister "based on

patently false allegations." (*Id.* ¶ 65). Chronister does not allege how these Defendants procured a warrant, what allegations were made, or why they were patently false.

Moultrie, Cooley, and Reeves executed the arrest warrant at Chronister's workplace on January 11. (*Id.* ¶ 33). One officer "seized [her] bag and searched it without consent or a warrant." (*Id.* ¶ 34). The officer found money in the bag and "loudly exclaimed, 'think we have a drug dealer here!'" (*Id.* ¶ 35). As the officers shackled her hands and feet, she asked to be cuffed in front of her body because she had a bad shoulder. (*Id.* ¶ 36). In reply, "[t]he officers told her to 'shut up' and cuffed her behind her back." (*Id.*). This allegedly caused her "great pain," and the officers "handled her roughly and caused severe bruising on her arms." (*Id.*). Chronister also asked the officers to loosen the cuffs because of a previous hand surgery, but they allegedly told her that they did not care. (*Id.*).

Chronister was then taken to Butts County jail and charged pursuant to O.C.G.A. § 16-5-100 for "Cruelty to persons age 65 or older" and O.C.G.A. § 16-13-75 for "Drugs not in original container." (*Id.* ¶¶ 37-38, 43). On February 14, 2013, a magistrate judge issued an "Order Setting Conditions for Pretrial Release," and Chronister was able to post her bond that day. (*Id.* ¶¶ 39, 47).

On March 5, 2013, Virginia Finley gave a statement, claiming that Chronister "was not her offender"; that "her abusers" were Dennis Mitchel, Ramona, Keith, and Ruth Finley; and that she wanted all of the charges against Chronister dropped. (*Id.* ¶¶ 40-41). She stated her doctor had informed the police she did not have mental problems. (*Id.* ¶ 42). On May 1, 2013, the charges against Chronister were dropped. (*Id.* ¶ 48). Chronister alleges that "[o]n and after January 10, 2011 [2013?], the

Defendants were aware that there was no substance to the allegations and that the allegations were false, yet they continued to deprive ... Chronister of her civil rights and refused to dismiss the charges." (*Id.* ¶ 45).

## II.   DISCUSSION

### A. Motion to Dismiss Standard

To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (internal quotation marks and citation omitted). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### B. Qualified Immunity Standard

"Qualified immunity offers complete protection for individual public officials performing discretionary functions 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Sherrod v. Johnson*, 667 F.3d 1359, 1363 (11th Cir. 2012) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  "'Once discretionary authority is established, the burden then shifts to the plaintiff to show that qualified immunity should not apply.'" *Edwards v. Shanley*, 666 F.3d 1289, 1294 (11th Cir. 2012) (quoting *Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1291 (11th Cir. 2009)).  To meet this burden, a plaintiff must establish that "the officer's conduct amounted to a constitutional violation" and "the right violated was 'clearly established' at the time of the violation."  *City of W. Palm Beach*, 561 F.3d at 1291.  This two-step analysis may be done in whatever order is deemed most appropriate for the case.  *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

The clearly established law[2] must provide a defendant with "fair warning" that her conduct deprived the plaintiff of a constitutional right.  *Hope v. Pelzer*, 536 U.S. 730, 739-41 (2002).  A plaintiff "can demonstrate that the contours of the right were clearly established in several ways."  *Terrell v. Smith*, 668 F.3d 1244, 1255 (11th Cir. 2012). First, a plaintiff can show that "a materially similar case has already been decided."  *Id.* (internal quotation marks and citations omitted).  Second, a plaintiff can point to a "broader, clearly established principle [that] should control the novel facts [of the]

---

[2] Clearly established law in this circuit means decisions of the United States Supreme Court, the Eleventh Circuit, and the highest court of the pertinent state.  *McClish v. Nugent*, 483 F.3d 1231, 1237 (11th Cir. 2007).

situation." *Id.* (internal quotation marks and citation omitted). "Finally, the conduct involved in the case may 'so obviously violate[ ] th[e] constitution that prior case law is unnecessary.'" *Id.* (citation omitted). "[E]xact factual identity with a previously decided case is not required, but the unlawfulness of the conduct must be apparent from pre-existing law." *Coffin v. Brandau*, 642 F.3d 999, 1013 (11th Cir. 2011).

### C. Analysis

All moving Defendants argue that the federal and state-law claims for false arrest, false imprisonment, and unconstitutional search of Chronister's residence and purse; the federal claim for excessive force; and the state-law claims for battery and intentional infliction of emotional distress are barred by the statute of limitations. They also argue that the state-law claims listed above, as well as those for malicious prosecution and damage to personal property, are barred by official immunity. Defendants Sheriff Long, Jones, Reeves, Cooley, Manos, Zock, and Moultrie argue Chronister's federal claim for malicious prosecution, which they do not contend is barred by the statute of limitations, should be dismissed because Chronister failed to allege they had a role in procuring charges. Butts County argues that the state-law claims for negligent hiring, retention, and training and supervision against it are barred by sovereign immunity and that it is not liable for any federal claim for the same. Sheriff Long argues that the state-law claims against him for negligent hiring, retention, and training and supervision are barred by official immunity and that he is entitled to qualified immunity on any federal claim premised on the same conduct.[3]

---

[3] The Defendants also argue the official capacity claims against them should be dismissed. However, Chronister has not asserted any claims against the Defendants in their official capacities. In any event, the Defendants in their official capacities would be entitled to Eleventh Amendment immunity on their federal claims. *See Pellitteri v. Prine*, 776 F.3d 777, 783 (11th Cir. 2015); *Burgest v. Colquitt Cty.*, 177 F.

### 1. Butts County Sheriff's Office

As an initial matter, the Court addresses the fact that Chronister has asserted multiple claims against Butts County Sheriff's Office. The Defendants state "the Sheriff's Office is an arm of the State of Georgia and therefore not a 'person' subject to suit under 42 U.S.C. § 1983." (Doc. 39-1 at 7). However, "[t]he question here is not whether the [Butts] County Sheriff's [Office] is a "person" for the purposes of liability … under section 1983, but whether the [Sheriff's Office] is a legal entity subject to suit." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The issue of whether a government entity is capable of being sued is "determined by the law of the state in which the district court is held." Fed. R. Civ. P. 17(b); *accord Lawal v. Fowler*, 196 F. App'x 765, 768 (11th Cir. 2006). Under Georgia law, only three classes of legal entities are capable of being named in a lawsuit: "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." *Lawal*, 196 F. App'x at 768 (citing *Ga. Insurers Insolvency Pool v. Elbert Cty.*, 258 Ga. 317, 368, 368 S.E.2d 500 (1988)). A sheriff's office does not fall into any of the categories and therefore is not capable of being sued. *Ashley v. Chafin*, 2009 WL 3074732, at *3 (M.D. Ga.). Accordingly, Butts County Sheriff's Office is dismissed as a defendant.

---

App'x 852, 854-55 (11th Cir. 2005); *Richardson v. Quitman Cty., Ga.*, 912 F. Supp. 2d 1354, 1366 (M.D. Ga. 2012); *Mladek v. Day*, 293 F. Supp. 2d 1297, 1304 (M.D. Ga. 2003). Further, the Defendants' motion to dismiss the state-law claims against them in their official capacities would be granted because Chronister has failed to allege they waived sovereign immunity. *See Ratliff v. McDonald*, 326 Ga. App. 306, 309-10, 756 S.E.2d 569, 573-74 (2014).

**2. Statute of Limitations**

The Defendants contend, and Chronister effectively concedes,[4] that the following claims are time-barred: the federal and state-law claims for false arrest, false imprisonment, and unconstitutional search of Chronister's residence and purse; the federal claim for excessive force; and the state-law claims for battery and intentional infliction of emotional distress. All these claims accrued more than two years before Chronister filed her complaint on April 30, 2015, and thus, the Court agrees with the parties that they are time-barred.[5]

---

[4] Chronister does not respond to the Defendants' statute of limitations argument. On the facts of this case, she has no good faith response.

[5] Chronister's section 1983 claims are subject to a two year statute of limitations. *See McNair v. Allen*, 515 F.3d 1186, 1173 (11th Cir. 2008); *see also* O.C.G.A. § 9–3–33. With the exception of her malicious prosecution claim, all her section 1983 claims accrued no later than February 14, 2013, the day she was released from prison, because that is the latest possible date of injury. *See Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987); *Jones v. Union City*, 450 F. App'x 807, 809 (11th Cir. 2011). Similarly, her state-law claims of false arrest, false imprisonment, unconstitutional search of her home and purse, battery, and intentional infliction of emotional distress all accrued no later than the day she was released from prison. *See Valades v. Uslu*, 301 Ga. App. 885, 888, 689 S.E.2d 338, 341 (2009); *Reese v. Clayton Cty.*, 185 Ga. App. 207, 208, 363 S.E.2d 618 (1987). Incidentally, her federal and state-law false arrest and false imprisonment claims fail to state a claim because she alleges she was arrested pursuant to a warrant. *See Carter v. Gore*, 557 F. App'x 904, 906 (11th Cir. 2014) (concluding the plaintiff's federal claim was for malicious prosecution, not false arrest, where he was arrested pursuant to a warrant); *Williams v. Smith*, 179 Ga. App. 712, 714, 348 S.E.2d 50, 52-53 (1986) (concluding the appropriate remedy under Georgia law is for malicious prosecution, not false arrest or imprisonment, where the "detention is predicated upon *procedurally valid process*" such as a warrant). Also, her state-law claim for intentional infliction of emotional distress is subject to dismissal because she has failed to sufficiently allege actual malice to overcome official immunity. *See Taylor v. King*, 309 Ga. App. 108, 112, 709 S.E.2d 278, 282 (2011) (concluding there was insufficient evidence of actual malice to defeat official immunity for assault and battery claim where the defendant "unnecessarily threw [the plaintiff] to the ground and handcuffed him roughly"); *Selvy v. Morrison*, 292 Ga. App. 701, 706, 665 S.E.2d 401, 406 (2008) (holding referring to the plaintiff as a "bitch" and making derogatory references about the plaintiff's "boyfriends" were insufficient to show actual malice); *Bashir v. Rockdale Cty., Ga.*, 445 F.3d 1323, 1333 (11th Cir. 2006); *Tittle v. Corso*, 256 Ga. App. 859, 863, 569 S.E.2d 873, 877 (2002) (concluding that threatening a motorist the dog would attack and slamming the motorist against a car was insufficient to show actual malice).

### 3. State-Law Claims for Malicious Prosecution and Damage to Personal Property

The Defendants contend Chronister's state-law claims for malicious prosecution and damage to personal property are barred by official immunity. (Doc. 39-1 at 5-6). "Under Georgia law, county law enforcement officers are entitled to official immunity from suit and liability unless they '... act with actual malice or an intent to injure when performing a discretionary act.'" *Speight v. Griggs*, 579 F. App'x 757, 759 (11th Cir. 2014) (quoting *Roper v. Greenway*, 294 Ga. 112, 751 S.E.2d 351, 352 (2013)), and citing Ga. Const. art. I, § 2, para. IX(d)); *Phillips v. Hanse*, 281 Ga. 133, 135, 637 S.E.2d 11, 13 (2006). In the context of official immunity, actual malice "requires more than harboring bad feelings about another," *Adams v. Hazelwood*, 271 Ga. 414, 520 S.E.2d 896, 898 (1999), and it does not include "implied malice," that is, "the reckless disregard for the rights or safety of others," *Murphy v. Bajjani*, 282 Ga. 197, 647 S.E.2d 54, 60 (2007). It refers instead to "a deliberate intention to commit a wrongful or illegal act," *Tittle*, 256 Ga. App. at 862, 569 S.E.2d at 876, which "may be accomplished with or without ill will and whether or not injury was intended," *Adams*, 520 S.E.2d at 898. "A deliberate intention to do wrong such as to constitute the actual malice necessary to overcome official immunity must be the intent to cause the harm suffered by the plaintiffs." *Selvy*, 292 Ga. App. at 704, 665 S.E.2d at 401.

The Defendants argue "there is no allegation that even approaches the extreme threshold for 'actual malice' required to defeat official immunity." (Doc. 39-1 at 7).

### a. Malicious Prosecution

Chronister has asserted state-law claims for malicious prosecution against Sheriff Long, Jones, Reeves, Cooley, Manos, Zock, Moultrie, and Kennedy.[6] (Doc. 1 ¶¶ 64-65). While malice is an element of a malicious prosecution claim, the inquiry here "is not whether [the Defendants] acted maliciously [for purposes of the tort of malicious prosecution], but … whether she acted with *actual malice* that would exempt her from official immunity." *Marshall v. Browning*, 310 Ga. App. 64, 67, 712 S.E.2d 71, 73-74 (2011) (internal quotation marks and citation omitted) (second alteration in original).

With respect to Sheriff Long, Jones, Reeves, Cooley, Manos, Zock, and Moultrie, Chronister alleges that these Defendants "wrongfully procur[ed] an arrest warrant … based on patently false allegations." (*Id.* ¶ 65). However, she makes no allegation relevant to her malicious prosecution claim that would support an inference these Defendants acted with actual malice. On the contrary, as discussed below, she says Kennedy procured the warrant with a false affidavit. (*Id.* ¶ 31). Accordingly, these Defendants' motion to dismiss this claim is granted.

With respect to Kennedy, Chronister alleges that Kennedy testified falsely under oath in an affidavit for the arrest warrant and knew the information in the affidavit was false. (*Id.* ¶¶ 31-32). Taking these allegations as true and drawing all reasonable inferences in favor of Chronister, her allegations are sufficient at this stage of the litigation. *Cf. Marshall*, 310 Ga. App. at 67, 712 S.E.2d at 74 ("[W]e find that the evidence demands the conclusion that [the defendant] acted without actual malice. …

---

[6] It does not appear that Chronister asserts this claim against Butts County, but if she had, it would be dismissed as well because Chronister makes no specific allegation as to Butts County, and Butts County cannot be held vicariously liable for the conduct of the sheriff's deputies. *See Lowe v. Jones Cty.*, 231 Ga. App. 372, 373, 499 S.E.2d 348, 350 (1998) ("[D]eputy sheriffs are employees of the sheriff, not the county, and the county cannot be held vicariously liable as their principle.").

[T]here is no evidence that [the defendant] … knowingly present[ed] perjured testimony."). Accordingly, Kennedy's motion to dismiss this claim is denied.

### b. Damage to Personal Property[7]

Chronister alleges "Zock, Kennedy, and Manos wrongfully and physically damaged [her] personal property, the front door to [her] house" without permission. (Doc. 1 ¶¶ 23, 67). Specifically, "the front door lock and dead bolt were both damaged." (*Id.* ¶ 23). Although Zock allegedly told Chronister they received permission to enter the home, these Defendants broke the door after receiving complaints of abuse. (*Id.* ¶ 24). These allegations are insufficient to show these Defendants acted with actual malice. Accordingly, Zock, Manos, and Kennedy's motion to dismiss this claim is granted.[8]

---

[7] Chronister also asserts this claim against Butts County without making any specific allegation as to Butts County itself. (Doc. 1 at 22). Again, Butts County cannot be held vicariously liable for the conduct of the sheriff's deputies.

[8] The Defendants alternatively argue the Court lacks subject matter jurisdiction over the claim for property damage because it is not part of the same case or controversy against the remaining federal claim for malicious prosecution. (Doc. 39-1 at 15-16). Specifically, they argue "[t]he elements of malicious prosecution have no relationship to the elements of Plaintiff's state law property damage claim." (*Id.* at 16). That the elements of the malicious prosecution and state-law claim for property damage differ does not mean the Court lacks subject matter jurisdiction. *See Kinsey v. King*, 257 F. App'x 136, 138 (11th Cir. 2007) (The Court has "supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim[,] … [which] is met where the federal and state claims involve the same facts, occurrences, witnesses, and evidence, *even where the elements of the state and federal claims differ*." (emphasis added)). In any event, the claims arise out of a common nucleus of operative fact: Zock, Kennedy, and Manos allegedly broke the "front door lock and dead bolt" at Chronister's home after receiving reports of abuse. (Doc. 1 ¶¶ 20, 22-23, 67). An arrest warrant for Chronister was procured the very next day which initiated the allegedly malicious prosecution. (*Id.* ¶¶ 31, 65). As discussed, Zock, Kennedy, and Manos were allegedly among the group of Defendants who wrongfully procured the warrant. Accordingly, the Defendants' argument is without merit.

### 4. Malicious Prosecution Pursuant to § 1983[9]

The Defendants have moved to dismiss the § 1983 claim for malicious prosecution against Sheriff Long, Jones, Reeves, Cooley, Manos, Zock, and Moultrie. They have not moved to dismiss this claim against Kennedy. To state a claim for malicious prosecution under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of her Fourth Amendment right to be free from unreasonable seizures. *Grider v. City of Auburn*, 618 F.3d 1240, 1256 (11th Cir. 2010) (citations omitted). The elements of a common law tort of malicious prosecution are "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Id.* (internal quotations and citation omitted).

As to the federal claim, the Defendants only challenge the first element of the common law tort. Specifically, they argue that "the [c]omplaint alleges only that Defendant Kennedy had a role in procuring charges" and that with respect to the other Defendants, Chronister simply alleges that their "actions … constitute the tort of malicious prosecution." (Doc. 39-1 at 13-14 (quoting Doc. 1 ¶ 65)). Given this allegation, the Defendants contend that dismissal is proper because "[i]t is well-settled that there can be no malicious prosecution liability for an officer who did not have a role in procuring charges." (*Id.* at 14 (citing *Eubanks v. Gerwen*, 40 F.3d 1157, 1161 (11th Cir. 1994)). However, in the same paragraph of the complaint cited by the Defendants,

---

[9] To the extent Chronister has asserted a federal malicious prosecution claim against Butts County, that claim is **DISMISSED**. She has made no specific allegation as to Butts County, and its liability cannot be based on the doctrine of respondeat superior. *See Grech v. Clayton Cty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003). Rather, "a county is liable only when the county's 'official policy' causes a constitutional violation," which Chronister has not alleged. *See id.* Further, Butts County cannot be held liable on a § 1983 claim for the acts of Sheriff Long or his deputies in this case. *See id.* at 1336-37.

Chronister also alleges that "Long, Jones, Reeves, Cooley, Manos, Zock, Moultrie, Jane Doe, and Kennedy[] wrongful[ly] procur[ed] … an arrest warrant against Ms. Chronister based on patently false allegations … ." (Doc. 1 ¶ 65). Thus, contrary to the Defendant's assertion, Chronister has specifically alleged that these Defendants were involved in wrongfully procuring the arrest warrant.[10] Accordingly, the Defendants' motion to dismiss the federal claim for malicious prosecution is denied on the narrow ground they assert.[11]

### 5. Negligent Hiring, Retention, and Training and Supervision[12]

Chronister has asserted state-law and federal claims for negligent hiring, retention, and training and supervision against Sheriff Long and Butts County. (Doc. 1 at 23-24).

---

[10] This is not inconsistent with the Court's ruling that Chronister has not sufficiently alleged *actual* malice to overcome the Defendants' claim of immunity to the state-law malicious prosecution claim.

[11] The Defendants argue that Long, Jones, Reeves, Cooley, Manos, Zock, and Moultrie are entitled to qualified immunity on the federal malicious prosecution claim because "the Complaint alleges only that Defendant Kennedy had a role in procuring charges[; thus] … they did not violate clearly established law." (Doc. 39-1 at 14-15). In other words, they only challenge the first prong of qualified immunity: whether Chronister sufficiently alleged a constitutional violation. As to the second prong, the Defendants make no argument beyond a conclusory statement that they did not violate clearly established law. As discussed, Chronister's malicious prosecution claims are not dismissed on the ground she failed to sufficiently allege an element of the claim; likewise, their qualified immunity argument based only on the same contention fails. In any event, the law is clearly established that a defendant is not entitled to qualified immunity where a warrant was obtained without arguable probable cause. *See Brown v. Abercrombie*, 151 F. App'x 892, 893 (11th Cir. 2005) (citing *Montoute v. Carr*, 114 F.3d 181, 184 (11th Cir. 1997)); *see also Carter v.* Gore, 557 F. App'x 904, 910 (11th Cir. 2014) (citing *Kelly v. Curtis*, 21 F.3d 1544, 1554-55 (11th Cir. 1994), and *Garmon v. Lumpkin Cty., Ga.*, 878 F.2d 1406, 1409-10 (11th Cir. 1989)). The Defendants do not challenge the sufficiency of Chronister's allegations with respect to the probable cause element and make no argument that her allegations are insufficient to show they did not have arguable probable cause.

[12] For reasons unclear, the Defendants do not move to dismiss these claims on statute-of-limitations grounds, even though, as best the Court can tell, they apparently accrued more than two years before Chronister filed her complaint.

### a. State-law claims

Butts County argues it is entitled to sovereign immunity. (Doc. 39-1 at 11-12). In Georgia, sovereign immunity extends "to the state and all of its departments and agencies, including sheriffs and counties." *Richardson*, 912 F. Supp. 2d at 1368. "Sovereign immunity is not an affirmative defense that must be established by the party seeking its protection. Instead, immunity from suit is a privilege that is subject to waiver by the State, and the waiver must be established by the party seeking to benefit from the waiver." *Forsyth Cty. v. Greer*, 211 Ga. App. 444, 439 S.E.2d 679, 681 (1993) (quotation marks omitted). Thus, unless Chronister establishes that sovereign immunity has been waived, sovereign immunity bars these claims against Butts County. *See Seay v. Cleveland*, 270 Ga. 64, 508 S.E.2d 159, 161 (1998).

"In Georgia, sovereign immunity may be waived only if a statute expressly provides that sovereign immunity is waived and the extent of such waiver." *Grech*, 335 F.3d at 1341 (citations omitted). A municipality may waive its immunity by purchasing liability insurance, but only if "the policy of insurance issued covers an occurrence for which the defense of sovereign immunity is available, and then only to the extent of the limits of such insurance policy." O.G.C.A. § 36-33-1(a); *see also Kitchen v. CSX Transp., Inc.*, 6 F.3d 727, 731 (11th Cir. 1993) ("[W]hen the plain terms of the county's insurance policy provide that there is no coverage for a particular claim, the policy does not create a waiver of sovereign immunity as to that claim."). Here, Chronister has made no allegation that Butts County waived its immunity and specifically whether Butts County purchased liability insurance covering these claims. Accordingly, Butts County's

motion to dismiss Chronister's state-law claims for negligent hiring, retention, and training and supervision is granted.[13]

Sheriff Long argues he is entitled to official immunity. (Doc. 39-1 at 5). Sheriff Long's hiring, retention, and training and supervision of his subordinates are discretionary acts. *See Harvey v. Nichols*, 260 Ga. App. 187, 581 S.E.2d 272, 276–77 (2003) (collecting cases). Thus, as discussed, Chronister must sufficiently allege Sheriff Long acted with actual malice. *See Carter v. Butts Cty., Ga.*, 110 F. Supp. 3d 1325, 1344 (M.D. Ga. 2015). However, beyond insufficient conclusory allegations, Chronister has alleged no facts that support a reasonable inference Sheriff Long acted with actual malice in his hiring, retention, and training and supervision of his subordinates. Accordingly, Sheriff Long's motion to dismiss these claims is granted.

### b. Federal claims

As to the federal claims against Sheriff Long in his individual capacity, Chronister alleges he was "negligent in … hiring, training, and continuing employment of … Jones, Reeves, Cooley, Manos, Zock, Moultrie, Jane Doe, and Kennedy." (Doc. 1 ¶ 57). Sheriff Long argues he is entitled to qualified immunity because allegations of negligence are insufficient to support a § 1983 claim and "do not establish a violation of clearly established federal law." (Doc. 39-1 at 12-13). Chronister conclusorily responds this argument is meritless because the "Defendants' actions were willful, malicious, and with intent to cause harm." (Doc. 43 at 16). Sheriff Long is correct that mere negligence is insufficient to establish § 1983 liability. Rather, allegations showing deliberate indifference are required. *See, e.g.*, *Lewis*, 561 F.3d at 1293 ("To establish a

---

[13] The Court also notes that the Georgia Tort Claims Act, pursuant to which the Georgia legislature has waived sovereign immunity for certain claims against the state, does not apply to counties or to a sheriff in his official capacity. *Nichols v. Prather*, 286 Ga. App. 889, 893, 650 S.E.2d 380, 385 (2007).

[defendant's] deliberate indifference, "a plaintiff must present some evidence that the [defendant] knew of a need to train and/or supervise in a particular area and the [defendant] made a deliberate choice not to take any action."). However, Chronister has made no allegations that would support a reasonable inference of deliberate indifference.

It is unclear, but perhaps Chronister is attempting to assert a federal failure-to-train or failure-to-supervise claim pursuant to § 1983. In her allegations pertaining to her state-law claims for negligent hiring and retention, Chronister adds that Sheriff Long[14] "knew of these employees' prior unconstitutional activity" and that he "knew or should have known of their propensity to violate the rights of citizens and other laws." (Doc. 1 ¶¶ 57, 69, 71). "[U]nder § 1983, a supervisor can be held liable for failing to train his or her employees only where the failure to train amounts to deliberate indifference to the rights of persons with whom the officers come into contact." *Keith v. DeKalb Cty., Ga.*, 749 F.3d 1034, 1052 (11th Cir. 2014) (alteration, citation, and internal quotation marks omitted). To sufficiently allege a supervisor violated a plaintiff's constitutional rights for failing to train subordinates, a plaintiff "must demonstrate that the supervisor had 'actual or constructive notice that a particular omission in their training program causes [his or her] employees to violate citizens' constitutional rights,' and that armed with that knowledge the supervisor chose to retain that training program." *Id.* (quoting *Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011)). A plaintiff establishes a supervisor's notice when the need for more or different training is obvious—such as when there has been a history of widespread abuse by subordinates

---

[14] The Court notes that Chronister names Sheriff Long in these counts, even though she only specifically includes Butts County in the actual allegations.

that has put the supervisor on notice of the need for corrective measures, or when the failure to train is likely to result in a constitutional violation.  *See Williams v. Limestone Cty. Ala.*, 198 F. App'x 893, 896 (11th Cir. 2006); *Fundiller v. Cooper*, 777 F.2d 1436, 1443 (11th Cir. 1985).

Here, conclusory allegations that Sheriff Long knew about his subordinates' "prior unconstitutional activity" and knew or should have known of their "propensity to violate the rights of citizens" are insufficient to establish the requisite notice.  Chronister wholly fails to allege any details regarding the subordinates' past unconstitutional activity beyond the incidents at issue here.  Accordingly, her § 1983 claims against Sheriff Long based on his allegedly "negligent" hiring, retention, and training and supervision are dismissed.

As to the federal claims, Butts County argues it cannot be held liable for the acts of Sheriff Long.  (Doc. 39-1 at 9-10).  Generally, "[t]he Eleventh Circuit has rejected the notion that a Georgia county can be liable under § 1983 for the actions of members of a sheriff's office, finding that, pursuant to the Georgia Constitution, a sheriff's office is independent from the county in which it operates."  *Townsend v. Coffee Cty., Ga.*, 854 F. Supp. 2d 1345, 1350 (S.D. Ga. 2011) (citing *Grech*, 335 F.3d at 1332, 1335).  Because sheriffs and their deputies are considered actors of the state, as opposed to the county, "counties have no authority or control over, and no role in, Georgia sheriffs' law enforcement function."  *Grech*, 335 F.3d at 1336.  "Sheriffs alone hire and fire their deputies."  *Id.* at 1336.  "Georgia courts also speak with unanimity in concluding that a defendant county cannot be held liable for the tortious actions of the sheriff or his deputies in performing their law enforcement activities."  *Id.* at 1337 (citing *Wayne Cty.*

*Bd. of Comm'rs v. Warren*, 236 Ga. 150, 223 S.E.2d 133, 134 (1976)).  Accordingly, Butts County is not liable for the § 1983 claims based on the conduct of Sheriff Long.

Further, in light of the strict limitations on municipal liability under § 1983, a county will be held responsible only when the county's "official policy" causes a constitutional violation.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  A plaintiff can establish an official policy of the county by showing either (1) an officially promulgated policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county.  *Id.* at 690-91.  Thus, to succeed on this claim, Chronister must show any alleged constitutional violations were the result of some custom or policy over which Butts County had some degree of control or responsibility.  Here, Chronister alleges no Butts County policy or custom or actions by a final policymaker for the county that caused her alleged constitutional injury.  Therefore, Chronister's § 1983 claims against Butts County for negligent hiring, retention, and training and supervision are dismissed.

### III.   CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss is **GRANTED in part** and **DENIED in part**.  (Doc. 39).  Butts County Sheriff's Office is **DISMISSED as a Defendant**.  The federal and state-law claims for false arrest, false imprisonment, and unconstitutional search of Chronister's residence and purse; the federal claim for excessive force; and the state-law claims for battery and intentional infliction of emotional distress are **DISMISSED** as time-barred.  The state-law claims for malicious prosecution against Sheriff Long, Jones, Reeves, Cooley, Manos, Zock, and Moultrie and for damage to personal property against Zock, Manos, and Kennedy are

**DISMISSED without prejudice**.  The federal and state-law claims for negligent hiring, retention, and training and supervision against Sheriff Long and Butts County are **DISMISSED without prejudice**.

The state-law claim for malicious prosecution against Kennedy and the federal malicious prosecution claims against Kennedy, Sheriff Long, Jones, Reeves, Cooley, Manos, Zock, and Moultrie will go forward.

**SO ORDERED**, this 2nd day of May, 2016.

                                        S/ Marc T. Treadwell
                                        MARC T. TREADWELL, JUDGE
                                        UNITED STATES DISTRICT COURT